## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **NANCY KOENIG,** | |
| Plaintiff, | **8:04CV486** |
| v. | |
| **CBIZ BENEFITS & INSURANCE SERVICES, INC.,** a Missouri corporation, | **STIPULATION AND PROTECTIVE ORDER** |
| Defendant/Third Party Plaintiff, | |
| v. | |
| **GARVEY & ASSOCIATES, INC.,** | |
| Third Party Defendant. | |

WHEREAS, the parties have made discovery requests and may in the future serve additional discovery requests; and

WHEREAS, certain materials may be requested by the parties in the course of discovery that constitute or contain personal, private, confidential or proprietary information (the "Confidential Information"), as more fully defined below in paragraph 1; and

WHEREAS, counsel for the parties are willing to enter into a Stipulation and Protective Order as a condition to the disclosure and use of any such Confidential Information and/or inspection and copying of any such Confidential Information; and

WHEREAS, counsel for the parties agree that an Order containing the terms set forth herein may be entered by the Court without further notice in order to set forth guidelines for the use of the Confidential Information, while allowing the opportunity for reasonable discovery; and

WHEREAS, counsel for the parties agree that they will abide by the terms of this Stipulation and Protective Order during the period prior to the Court's execution of this Stipulation and Protective Order, whenever that may be;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:

1.   Definition of Confidential Information.  The following shall constitute Confidential Information:

(a)   Personnel information, including, but not limited to, sensitive personnel information regarding employees of Defendant other than Plaintiff and personnel information regarding former employees and job applicants other than Plaintiff, including, but not limited to, performance ratings, employee compensation information, supervisory notes, discipline reports and information relating to employment policies;

(b)   Information concerning clients, customers, potential customers and clients and business contacts:

(c)   Nonpublic financial information and other information of Defendant that contains trade secrets, future business plans, market analysis, confidential research, development, commercial or other proprietary information;

(d)   Any other information, documents or things subject to protection under the law, including, but not limited to, Fed. R. Civ. P. 26(c) as ordered by the court;

(e)   Any testimony regarding the Confidential Information as defined in paragraphs 1(a)-(d) above;

(f)   Extracts and summaries prepared from such materials set forth in paragraphs 1(a)-(d) above; and

(g)   Those portions of briefs, affidavits, memoranda, depositions, or other writings, including exhibits thereto, which contain or refer to the Confidential Information.

2.   Designation of Confidential Information.

(a)   The parties shall indicate the confidential nature of documents and other information to be produced and/or the confidential nature of testimony by affixing the word "CONFIDENTIAL" thereon or by identifying or by designating such documents, other information and/or testimony as Confidential Information in writing or on the record in a deposition or other transcribed proceeding; and

(b)   The designation of Confidential Information shall appear on all documents or information containing such material, including portions of depositions, briefs, or correspondence.  Confidential designations to deposition transcripts shall be made on the record during such deposition or within 30 days after the party desiring such designation receives the transcript of such deposition; and

(c)   If material is too voluminous or it is impracticable to designate the material as Confidential Information, that material shall be so designated in the transmittal letter.

(d) Information produced prior to the execution of this Stipulation and Protective Order may be designated as Confidential and subject to the protections of this Order if the party requesting such a designation informs all other parties of his/her/its intent to so designate the Information within 30 days of execution of the Agreement.

3. Confidential Information shall be used solely for the preparation, trial and/or settlement of the action and shall not be communicated or used for any other purpose whatsoever except as compelled by court order or disclosed pursuant to applicable rules of professional conduct.

4. Confidential Information shall not be given, shown, made available, communicated, or disclosed to anyone other than:

(a) The attorneys of record in this action and their associated attorneys, legal assistants, and staff members working on the action;

(b) The parties themselves and any employees, advisors, or agents of the parties who assist the attorneys of record in this action; provided, however, that before any such person reviews or receives any Confidential Information, he or she must read a copy of this Stipulation and Protective Order and agree in writing to abide by the same by signing a document in the form of Exhibit A hereto unless that person is otherwise authorized to review the Confidential Information at issue in the normal course of his or her job duties;

(c) Independent consultants and/or experts retained by the parties to work on this action; provided, however, that before any such consultant or expert is shown or receives any Confidential Information, he or she must read a copy of this Stipulation and Protective Order and agree in writing to abide by the same by signing a document in the form of Exhibit A hereto;

(d) Witnesses interviewed by a party's representatives or attorney, or persons deposed in this lawsuit; provided, however, that before any information, document or thing designated as Confidential Information is shown to a witness, he or she must read a copy of this Stipulation and Protective Order and agree in writing to abide by the same by signing a document in the form of Exhibit A hereto unless that person is otherwise authorized to review the Confidential Information at issue in the normal course of his or her job duties;

(e) Stenographic reporters engaged for depositions or other proceedings necessary to the conduct of this action;

    (f) Such person as the undersigned counsel shall mutually consent to in writing or on the record prior to the proposed disclosure; and

    (g) The Court and Court personnel.

  5. If a dispute arises as to the designation of materials as Confidential Information, the parties agree to attempt to resolve the issue in good faith.  If the matter is not resolved by the parties themselves, the party challenging the confidential status of information claimed to be restricted by this Stipulation and Protective Order shall bring the dispute before the Court for a determination, and the party challenging the designation bears the burden of proving that a document should not be designated as Confidential Information.

  6. Except as expressly provided herein, nothing in this Stipulation and Protective Order is intended to limit or have the effect of limiting either party's right to make use of such information for any purposes or uses permitted under the Federal Rules of Civil Procedure, the relevant Local Rules of the above-identified Court, or the Federal Rules of Evidence, at any time during the pretrial preparation or trial of this lawsuit or any time up to and including the entry of judgment and conclusion of any appeals taken therefrom.  Accordingly, subject to the Federal Rules of Evidence, materials protected by this Stipulation and Protective Order may be offered in evidence at trial or at any court hearing subject to such protective measures as may be directed by this Court.

  7. When materials designated as Confidential Information are used in support of or in opposition to a dispositive motion, and only at such time as they are so used, the party so using the material shall transmit to the Court's chambers a file-stamped copy of the relevant materials, which copy shall be clearly marked:  "COPY—ORIGINAL FILED UNDER SEAL." Confidential Information shall be placed under seal in submissions to the Court only where redacting, coding identities, summarizing or other objective treatment cannot be made.

  8. In the event that any Confidential Information not covered by paragraph 7 above is filed, included in or referred to in any paper filed with the Court, counsel responsible for such filing shall notify the Clerk of the Court in accordance with the Court's procedures at the time of filing that such paper contains Confidential Information protected by this Stipulation and Protective Order and shall notify the other parties of the Confidential Information filed with the Court.

  9. No materials used in open court shall be entitled to the continuing designation of Confidential Information unless specifically so ordered.  If, at the time of trial or in connection with any pretrial or settlement hearing, counsel for a party intends to

introduce any material made subject to this Stipulation and Protective Order produced by any opposing party as "CONFIDENTIAL," he or she shall so inform the Court and opposing counsel as far in advance as possible, and the Court may take such steps, at the request of the opposing counsel or on its own initiative, as it deems necessary to preserve the confidentiality of such material subject to this Stipulation and Protective Order.

10. In cases of surprise or for good cause shown, if, at the time of trial or in connection with any pretrial or settlement hearing, counsel for a party intends to introduce any Confidential Information not covered by paragraph 7 above, he or she shall so inform the Court and opposing counsel and provide reasonable notice before such Confidential Information may be submitted to the Court or provided to opposing counsel.

11. Neither the provisions of this Stipulation and Protective Order nor any designation or failure to designate any particular information, document or material by a party as Confidential Information shall, in this litigation, or in any other litigation, constitute a waiver of the rights of a party to assert confidentiality with respect to any document, material or information meeting or not meeting the definition of Confidential Information set forth above. Upon discovery of an inadvertent nondesignation, the discovering party will immediately notify the opposing party, and the information, document or material identified will be treated as if it had been originally designated as Confidential Information and will be subject to the terms of this Stipulation and Protective Order. If a party produces multiple identical copies of a document (but with different Bates numbers) and one has not been designated as confidential, all identical copies shall be treated according to the most restrictive designation.

12. The inadvertent production of any document that is attorney-client-privileged and/or work product-protected shall not constitute a general waiver of the privilege or protection. If the party who inadvertently produced any such document demands return of the document on the grounds that it is attorney-client-privileged and/or work product-protected and has been produced inadvertently, and the party to whom the document has been produced refuses to return it, the party who produced the document will promptly file a motion to compel the return of the document, and the party to whom the document was produced may retain the document pending resolution of the motion to compel but, unless and until that motion is denied by the Court, may not use or disclose that document in any way, except as it relates to the motion to compel.

13. Within 60 days after the final termination of this action, including all appeals, all Confidential Information, all copies of such Confidential Information not covered and all excerpts, notes, extracts, summaries and analyses therefrom shall be returned to the

party who produced the Confidential Information, or the party in possession of such Confidential Information shall certify, under oath, that such material has been destroyed.

      14.    The terms and conditions of this Stipulation and Protective Order shall be without prejudice to the rights of any party to seek modification of its provisions upon motion duly noticed and served.

      15.    The provisions of this Stipulation and Protective Order shall, absent written consent of the parties hereto, continue to be binding after the conclusion of this action, and the Court shall retain jurisdiction for the purpose of ensuring compliance with the Order and granting such other and further relief as may be necessary.

**IT IS SO ORDERED.**

DATED this 9th day of June, 2005.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

Approved by:

| HOTZ, WEAVER, FLOOD, BREITKREUTZ & GRANT | KUTAK ROCK LLP |
|---|---|
| By **/s Patrick M. Flood**<br>Patrick M. Flood, #19042<br>Hotz, Weaver, Flood, Breitkreutz & Grant<br>444 Regency Parkway Drive, Suite 310<br>Omaha, NE  68114<br>Telephone:  (402) 397-1140<br>Facsimile:  (402) 397-1199<br>E-mail:  patflood@hotzweaver.com | By **/s Alan L. Rupe**<br>Alan L. Rupe  *(pro hac vice)*<br>8301 East 21st Street North<br>Suite 370<br>Wichita, KS  67206-2935<br>Telephone:  (316) 609-7900<br>Facsimile:  (316) 630-8021<br>E-mail:  alan.rupe@kutakrock.com |
| Attorney for Plaintiff Nancy Koenig | -AND- |
| By  **/s Thomas E. Whitmore**<br>Thomas E. Whitmore, #14500<br>Attorney at Law<br>7602 Pacific Street, Suite 304<br>Omaha, NE  68114<br>Telephone:  (402) 391-2400<br>Facsimile:  (402) 391-0343<br>tom@whitmorelaw.com | Marcia A. Washkuhn #21022<br>Kutak Rock LLP<br>The Omaha Building<br>1650 Farnam Street<br>Omaha, NE  68102-2186<br>Telephone:  (402) 346-6000<br>marcia.washkuhn@kutakrock.com |
| Attorney for Garvey & Associates, Inc. | Attorneys for Defendant<br>CBIZ Benefits & Insurance Services, Inc. |