## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NANCY KOENIG, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04CV486 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CBIZ BENEFITS & INSURANCE SERVICES, INC., | ) | |
| | ) | |
| Defendant and Third Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GARVEY & ASSOCIATES, INC., | ) | |
| | ) | |
| Third Party Defendant. | ) | |

This matter is before the court on CBIZ Benefits & Insurance Services, Inc.'s (CBIZ) Motion to Amend First Amended Answer and Counterclaim (Filing No. 90). CBIZ filed a brief (Filing No. 91) and an index of evidence (Filing No. 92) in support of the motion. CBIZ filed the proposed amended pleading, in compliance with NECivR 15.1(a). **See** Filing No. 92, Exhibit 2. The plaintiff, Nancy Koenig (Koenig), filed a brief (Filing No. 95) and an index of evidence (Filing No. 96) in opposition to the motion. CBIZ then filed a reply brief (Filing No. 101). Garvey & Associates, Inc. did not participate in the briefing.

### BACKGROUND

On May 19, 2004, Koenig filed this action against CBIZ in the District Court of Douglas County alleging claims for (1) declaratory judgment requesting injunctive relief and for an order finding and decreeing that the non-competitive provisions of the Employment Agreement are void and enforceable, and (2) for a breach of contract, alleging CBIZ did not have proper cause to terminate Koenig's employment with CBIZ. **See** Filing No. 1. CBIZ removed the action to this court and filed an answer and counterclaim. In the counterclaim, the defendant

alleges claims for declaratory judgment related to Koenig's claims, breach of contract and intentional interference with a business relationship. **See** Filing No. 6. CBIZ also alleges claims against Garvey & Associates, Inc. (Garvey) arguing Garvey is liable for all or part of Koenig's claims against CBIZ. **See** Filing No. 35. CBIZ also alleges claims for misappropriation of trade secrets and confidential and proprietary information (Count I), tortious interference with existing and prospective contractual and business relationships (Count II), unfair competition (Count III), unjust enrichment (Count IV), intentional interference with contract (Count V) and seeks an accounting (Count VI). CBIZ alleges Koenig and Garvey "schemed" to divert clients from CBIZ to Garvey in violation of the contract between Koenig and CBIZ.

CBIZ now seeks to amend its claims against Koenig to add a claim for misappropriation of trade secrets and confidential proprietary information. **See** Filing No. 90. CBIZ states it learned of the facts supporting the claim during Koenig's deposition on June 21, 2005, when Koenig described her efforts at using CBIZ's client information to generate business for Garvey. CBIZ also contends the claim is compulsory under Federal Rule of Civil Procedure 13. CBIZ states no additional discovery should be necessary because the new claim is similar to one against Garvey and the primary witness with information about the claim is Koenig, herself.

Koenig opposes the amendment. Koenig argues CBIZ filed the motion to amend outside the deadline for doing so and fails to show good cause for the untimely amendment. Also, Koenig contends much discovery has been completed including depositions, during which the new claim was not at issue. Finally, Koenig contends the amendment would be unduly prejudicial because Koenig filed a motion for summary judgment, which, if granted would eliminate CBIZ's claims against her and undermine her opportunity to seek summary judgment on all claims.

## ANALYSIS

The court notes the deadline for amending pleadings in this matter was April 28, 2005. **See** Filing No. 25. However, Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Unless there is a good reason for

2

denial, "such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment -- leave to amend should be granted." *Brown v. Wallace,* 957 F.2d 564, 566 (8th Cir. 1992) (quotations and citations omitted). There is no absolute right to amend. *Williams v. Little Rock Mun. Water Works,* 21 F.3d 218, 224 (8th Cir. 1994). However, a motion to amend should be denied on the merits "only if it asserts clearly frivolous claims or defenses." *Gamma-10 Plastics, Inc. v. Am. President Lines,* 32 F.3d 1244, 1255 (8th Cir. 1994) (quotations and citations omitted). Further, likelihood of success on the new claim or defense is not a consideration for denying leave to amend unless the claim is clearly frivolous. *Id.* at 1256. Whether to grant a motion for leave to amend is within the sound discretion of the district court. *Id.* at 1255; *Williams,* 21 F.3d at 224; *Brown,* 957 F.2d at 565.

### 1.     Timeliness

The court recognizes CBIZ's motion to amend is untimely pursuant to the progression order. Koenig does not specify how the amendment delays the action, nor does she argue CBIZ was dilatory in bringing the motion. "[W]here a party seeks leave to amend after a scheduling order deadline, that party must first demonstrate 'good cause' under Rule 16(b) of the Federal Rules of Civil Procedure before the court can consider whether the proposed amendments are proper under Rule 15(a)." *Anderson v. Board of School Com'rs of Mobile County, Ala.,* 78 F. Supp. 2d 1266, 1268-69 (S.D. Ala. 1999) (**citing** *Sosa v. Airprint Sys., Inc.,* 133 F.3d 1417, 1418 (11th Cir. 1998). "If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *In re Milk Prods Antitrust Litig.,* 195 F.3d 430, 437-38 (8th Cir. 1999) (**quoting** *Sosa*, 133 F.3d at 1419). "In demonstrating good cause, the moving party must establish that the 'scheduling deadlines cannot be met despite a party's diligent efforts.'" *Thorn v. Blue Cross & Blue Shield of Fla., Inc.,* 192 F.R.D. 308, 309 (M.D. Fla. 2000) (citations omitted) (**paraphrasing** Fed. R. Civ. P. 16 advisory committee notes (1983 amendment)). Moreover, "if the reason for seeking the amendment is apparent before the

deadline and no offsetting factors appear, the Rule 16 deadline must govern." *Financial Holding Corp. v. Garnac Grain Co.*, 127 F.R.D. 165, 166 (W.D. Mo. 1989).

However, "[d]elay alone may not result in a denial of leave to amend."  Charles A. Wright, et al., *Federal Practice & Procedure* § 1487 (2d ed. 1990).  "Quite appropriately the courts have not imposed any arbitrary timing restrictions on a party's request for leave to amend and permission has been granted under Rule 15(a) at various stages of the litigation: following discovery, after a pretrial conference, . . . at the beginning, during, and at the close of trial . . . ." *Id.* at § 1488.  "The policy of allowing amendments to be made at any time during the litigation is sound.  It would be unreasonable to restrict a party's ability to amend to a particular stage of the action inasmuch as the need to amend may not appear until after discovery has been completed . . . ." *Id.*

The court is skeptical about whether CBIZ could have amended its claims earlier against Koenig, given the similar claim against Garvey.  It appears CBIZ had knowledge of sufficient facts to allege the claim prior to Koenig's deposition, or at a minimum could have diligently pursued such facts.  However, since the amendment is similar to a claim against another party and made within time for further discovery on the issue, if necessary, the court finds no undue prejudice, as discussed below.

## 2.    Prejudice

"If no prejudice is found, the amendment will be allowed."  *Id.*  **See also** *Smith v. Chrysler Corp.*, 938 F. Supp. 1406, 1413 (S.D. Ind. 1996) (noting leave to amend would not be denied on the grounds the plaintiff "sought leave to amend the complaint to reflect theories of recovery more compatible with the facts").  "Indeed discovery often justifies a subsequent amendment to the complaint.  Even though it is predicated upon a different theory, an amendment should be permitted in the absence of the injection of any new issues requiring new and extensive preparation detrimental to the speedy resolution of the case and prejudicial to the defendant." *Matarazzo v. Friendly Ice Cream Corp.*, 70 F.R.D. 556, 559 (E.D.N.Y. 1976) (citations omitted).  Courts may find "allowance of . . . additional claims will advance the cause of justice and 'facilitate a proper decision on the merits.'" *Dudley v. Bus. Express, Inc.*, 882 F. Supp. 199, 212 (D.N.H. 1994), (**quoting** *Foman v. Davis*, 371 U.S. 178, 182

(1962)). The party opposing the amendment has the burden of demonstrating the amendment would be prejudicial. **See *Sokolski v. Trans Union Corp.*,** 178 F.R.D. 393, 396 (E.D.N.Y. 1998).

In reviewing the pleadings and proposed amended pleadings, the court finds CBIZ's amendment will not unduly prejudice Koenig. Koenig has time to complete additional discovery, if necessary, and to seek leave of court to file another motion for summary judgment for the new claim. Therefore, Koenig has failed to carry her burden of demonstrating the amendment would be prejudicial. Koenig was on notice of a related claim against Garvey in the third-party complaint. Trial is set in May, 2006, and discovery scheduled for completion January 31, 2006, although CBIZ contends no further discovery is needed based upon the amendment. The court finds the amendment arises from the same set of facts already involved in this matter and allowing the amendment would facilitate a decision on the merits. Upon consideration,

**IT IS ORDERED:**

1. CBIZ Benefits & Insurance Services, Inc.'s Motion to Amend First Amended Answer and Counterclaim (Filing No. 90) is granted.

2. CBIZ Benefits & Insurance Services, Inc. has **until November 18, 2005**, to file the amended pleading.

**ADMONITION**

Pursuant to NECivR 72.2 any appeal of this Order shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Order. Failure to timely appeal may constitute a waiver of any objection to the Order. The brief in support of any appeal shall be filed at the time of filing such appeal. Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 7th day of November, 2005.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge