IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NANCY KOENIG, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04CV486 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CBIZ BENEFITS & INSURANCE SERVICES, INC., | ) ) ) | |
| Defendant and Third Party Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| GARVEY & ASSOCIATES, INC., | ) ) | |
| Third Party Defendant. | ) | |

This matter is before the court on the plaintiff Nancy Koenig's (Koenig) Motion to Compel Discovery (Filing No. 112). Koenig filed a brief (Filing No. 120), an affidavit (Filing No. 121), an index of evidence (Filing No. 122)[1] and a reply brief (Filing No. 141) in support of the motion. Century Business Services, Inc. (CBIZ) filed a brief (Filing No. 135) in opposition to the motion. Garvey & Associates, Inc. (Garvey) did not participate in the briefing of this motion.

## BACKGROUND

On May 19, 2004, Koenig filed this action against CBIZ in the District Court of Douglas County alleging claims for (1) declaratory judgment requesting injunctive relief and for an order finding and decreeing that the non-competitive provisions of the Employment Agreement are void and enforceable, and (2) for a breach of contract, alleging CBIZ did not have proper cause to terminate Koenig's employment with CBIZ. **See** Filing No. 1. CBIZ removed the

---

[1] Additional evidentiary materials were attached to the plaintiff's motion.

action to this court and filed an answer and counterclaim. In the counterclaim, the defendant alleges claims for declaratory judgment related to Koenig's claims, breach of contract and intentional interference with a business relationship. **See** Filing No. 6. CBIZ also alleges claims against Garvey arguing Garvey is liable for all or part of Koenig's claims against CBIZ. **See** Filing No. 35. CBIZ also alleges claims for misappropriation of trade secrets and confidential and proprietary information (Count I), tortious interference with existing and prospective contractual and business relationships (Count II), unfair competition (Count III), unjust enrichment (Count IV), intentional interference with contract (Count V) and seeks an accounting (Count VI). CBIZ alleges Koenig and Garvey "schemed" to divert clients from CBIZ to Garvey in violation of the contract between Koenig and CBIZ. On November 8, 2005, CBIZ added a claim against Koenig for misappropriation of trade secrets and confidential proprietary information. **See** Filing No. 119.

The plaintiff seeks an order requiring CBIZ to amend its answers to Interrogatory Nos. 7 and 8 and Request for Production Nos. 9, 10, 13 and 14, and for costs and fees.[2] Relevant to the parties' dispute, on June 9, 2005, the court entered a stipulated protective order noting the parties may, during discovery, seek "personal, private, confidential or proprietary information" including "information concerning clients, customers, potential customers and clients and business contacts." **See** Filing No. 71. Such confidential information is limited in its use and disclosure by the parties. **Id.** Also, on June 9, 2005, the plaintiff served Interrogatories and Requests for Production. **See** Filing No. 70 (Certificate of Service). On July 14, 2005, CBIZ served its responses. **See** Filing No. 77 (Certificate of Service). On July 22, 2005, counsel for Koenig requested that a representative for CBIZ sign and verify the responses and for amendments to the disputed discovery. **See** Filing No. 112, Exhibit C. On August 15, 2005, counsel for the CBIZ responded by conceding certain discovery responses would be updated, but stating that CBIZ would stand on its objections to other responses. **Id.**

---

[2]In Koenig's initial motion, she also sought the signing and verifying interrogatory responses, and supplemental responses to Interrogatory Nos. 12-13 and Request for Production Nos. 5-6, however neither Koenig's brief or reply brief mention these. Accordingly, the court deems the motion abandoned as to those requests. **See** NECivR 7.1.

2

Exhibit D.  On November 7, 2005, counsel for Koenig again attempted to gain supplemental responses from opposing counsel, with no avail.  **See** Filing No. 121, Exhibit A ¶ 9.

## ANALYSIS

Koenig seeks to have CBIZ identify each customer and business process which the Koenig had access to while she was employed by CBIZ.  **See** *infra* Interrogatory Nos. 7 and 8.  Additionally, Koenig seeks the client and/or business contact lists which existed for CBIZ both during and after Koenig's employment with CBIZ.  **See** *infra* Request for Production Nos. 9 and 10.  Finally, Koenig seeks all documents pertaining to communications CBIZ had with clients or potential clients about Koenig or this litigation.  **See** *infra* Request for Production Nos. 13 and 14.  CBIZ objected to disclosure on the basis the information constitutes confidential trade secrets.  However, merely because documents may contain confidential information does not foreclose disclosure, confidentiality does not equate to privilege.  **See Federal Open Mkt. Comm. v. Merrill**, 443 U.S. 340, 362 (1979)).  "Although information is not shielded from discovery on the sole basis that the information is confidential, a party may request the court enter a protective order pursuant to Fed. R. Civ. P. 26(c) as a means to protect such confidential information."  **Horizon Holdings, LLC v. Genmar Holdings, Inc.**, 209 F.R.D. 208, 213-14 (D. Kan. 2002).

Under Federal Rule of Civil Procedure 26(c)(7), the party opposing discovery has the initial burden to demonstrate the information requested is a "trade secret or other confidential research, development, or commercial information," and also that disclosure would be harmful to the party's interest in the property.  **In re Remington Arms Co., Inc.**, 952 F.2d 1029, 1032 (8th Cir. 1991).  The burden then shifts to the party seeking discovery to show that the information is relevant to the subject matter of the lawsuit and is necessary to prepare the case for trial.  **Id.**  If such burden is met, "the court must weigh the injury that disclosure may cause to the property against the moving party's need for the information."  **Id.**

Koenig argues CBIZ has ignored the protective order which applies to the confidential information by withholding relevant information and documents.  Koenig contends the requested discovery "is relevant to the subject matter involved in this case" and "necessary

to prepare the case for trial." **See** Filing No. 120, p. 4 (Koenig's Brief). Koenig concedes that if the court grants her pending motion for partial summary judgment (Filing No. 137), the requested discovery is unnecessary. However, Koenig contends information about CBIZ's business practices and confidential client information is directly relevant to CBIZ's claims against Koenig for misappropriation of such information. Koenig states she specifically seeks any information or business processes that she is accused of misappropriating. Koenig states she needs such information to prove that she did not misappropriate the information and to prepare her defense. Further, Koenig argues the protective order in this case should adequately protect CBIZ's interest in confidentiality.

CBIZ contends that if Koenig misused the information she had before, "it is reasonable to assume she will use any additional confidential and/or proprietary information she gains access to to CBIZ's detriment." **See** Filing No. 135, p. 7 (CBIZ's Brief). Specifically, CBIZ states Koenig provided to CBIZ a list of the CBIZ clients she admittedly used to obtain employment with Garvey and to solicit business. CBIZ argues this demonstrates the risk of harm to CBIZ is real. CBIZ further contends Koenig cannot show the information is relevant or necessary to the case. Finally, CBIZ contends the protective order in this matter does not "entitle" Koenig to the requested discovery. However, CBIZ does not argue that if the requested information is otherwise discoverable, then the protective order is inadequate.

The specific discovery requests and responses at issue are as follows.

Interrogatory No. 7 states:

> Identify every group and individual customer and account that Defendant claims Plaintiff had knowledge of and access to throughout the following geographic areas: Nebraska, northern Missouri and western Iowa.

**See** Filing No. 121, Exhibit A(1).

CBIZ objected as follows:

> Objection. This Interrogatory calls for the disclosure of CBIZ's client and business contact lists, which are confidential trade secrets and will not be disclosed. Notwithstanding this objection, CBIZ states that Plaintiff had access to and/or knowledge of, every client and account that CBIZ conducted business with through its Omaha, Nebraska office.

4

**See** Filing No. 121, Exhibit A(1) (internal case citation omitted).

Interrogatory No. 8 states:

> For each individual and/or business listed above, describe in detail the processes and procedures of Defendant's insurance operations which you claim that Plaintiff has gained knowledge of and access to during their [sic] employment with Defendant.

**See** Filing No. 121, Exhibit A(1).

CBIZ objected as follows:

> Objection. This Interrogatory calls for the disclosure of CBIZ's confidential and protected business practices, which will not be disclosed. Notwithstanding this objection, CBIZ states that plaintiff gained knowledge of and/or had access to each and every process and procedure the Company used to service, solicit and benefit its clients.

**See** Filing No. 121, Exhibit A(1) (internal case citation omitted).

Request for Production No. 9 seeks:

> Any and all client and/or business contact lists maintained or possessed by CBIZ during the time period while Plaintiff was employed by CBIZ.

**See** Filing No. 121, Exhibit A(2).

Request for Production No. 10 seeks:

> Any and all client and/or business contact lists maintained or possessed by CBIZ subsequent to Plaintiff's employment with CBIZ.

**See** Filing No. 121, Exhibit A(2).

CBIZ responded to each Request for Production Nos. 9 and 10 with the same objection, as follows. "Objection. CBIZ's client and business contact lists are confidential trade secrets and will not be disclosed." **See** Filing No. 121, Exhibit A(2) (internal case citation omitted).

Request for Production No. 13 seeks:

> Any and all documents pertaining to communications you had with customers or potential customers of CBIZ regarding Plaintiff Nancy Koenig.

**See** Filing No. 121, Exhibit A(2).

> Request for Production No. 14 seeks:
>> Any and all documents pertaining to communications you had with customers or potential customers of CBIZ regarding this litigation (including the state court action where the lawsuit was initiated).

**See** Filing No. 121, Exhibit A(2).

> CBIZ responded to both Request for Production Nos. 13 and 14 as follows.
>> Objection. This request is overly broad and unduly burdensome, and pertains to matters outside the scope of this lawsuit. Moreover, this Request calls for the production of confidential client lists and will not be produced.

**See** Filing No. 121, Exhibit A(1) (internal case citation omitted).

In this case there is no dispute whether the challenged discovery constitutes trade secrets or confidential commercial information. Of primary concern is the relevance of the discovery requests to this litigation. A threshold showing of relevance is necessary before production of information, which does not reasonably bear on the issues in the case, is required. **Hofer v. Mack Trucks, Inc.**, 981 F.2d 377, 380 (8th Cir. 1993). Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity, the information they hope to obtain and its importance to their case. **See Cervantes v. Time, Inc.**, 464 F.2d 986, 994 (8th Cir. 1972). Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings. Relevancy, for purposes of discovery, has been defined by the United States Supreme Court as encompassing "any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." **Oppenheimer Fund, Inc. v. Sanders**, 437 U.S. 340, 351 (1978). Discovery requests should be considered relevant if there is any possibility that the information sought is relevant to any issue in the case and should ordinarily be allowed, unless it is clear that the information sought can have no possible bearing on the subject matter of the action. **See Marker v. Union Fidelity Life Ins. Co.**, 125 F.R.D. 121 (M.D.N.C. 1989); **Morse Diesel, Inc. v. Fidelity & Deposit Co.**, 122 F.R.D. 447 (S.D.N.Y.1988).

Although Koenig states she seeks the information or business processes that she is accused of misappropriating, the discovery requests are much more broad.  Koenig fails to show how the identity of every client or potential client and business practices for the time period of her employment and after is relevant to her defense in this case.  However, the particular clients, potential clients and business practices she is accused of misappropriating are relevant.  Further, Koenig's need for such information outweighs CBIZ's interest in keeping the information from discovery.  Finally, the protective order entered in this matter will sufficiently protect CBIZ's interests in the discoverable information.  The court finds, however, Koenig has failed to show how any response to Request for Production Nos. 13 and 14 can have any possible bearing on the subject matter of the action.  Accordingly, Koenig's motion to compel shall be granted to the extent CBIZ shall supplement its responses to Interrogatory Nos. 7 and 8, and Request for Production No. 9 to include the particular clients, potential clients and business practices Koenig is accused of misappropriating.  Koenig's motion to compel is denied with regard to Interrogatory Nos. 7 and 8, and Request for Production Nos. 9-10 and 13-14, in all other respects.

With regard to motions to compel discovery responses, under Federal Rule of Civil Procedure 37(a)(4)(C):

> If the motion is granted in part and denied in part, the court . . . may, after affording an opportunity to be heard, apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner.

"A district court has wide latitude in imposing sanctions for failure to comply with discovery[.]" ***Aziz v. Wright***, 34 F.3d 587, 589 (8th Cir. 1994).  The Advisory Committee Notes to the 1970 Amendments to Rule 37 indicate that, on many occasions, "the dispute over discovery between the parties is genuine, though ultimately resolved one way or the other by the court. In such cases, the losing party is substantially justified in carrying the matter to court."  **See** Fed. R. Civ. P. 37(a)(4) Advisory Committee Notes (1970).  "[T]he rules should deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists."  ***Id.***  Although based on CBIZ's conduct, Koenig filed a motion to compel, the court finds CBIZ's initial responses to discovery were substantially justified.  The court granted

Koenig's motion to compel only in part and found CBIZ's responses to discovery sufficient to make reasonable determinations. Under the circumstances, the court does not find the imposition of sanctions to be warranted in this case and will not assess sanctions against either party with regard to the instant discovery dispute. Upon consideration,

**IT IS ORDERED:**

The plaintiff's Motion to Compel Discovery (Filing No. 112) is granted, in part, and denied, in part. Koenig's motion to compel is granted to the extent CBIZ shall supplement its responses to Interrogatory Nos. 7 and 8, and Request for Production No. 9 to include the particular clients, potential clients and business practices Koenig is accused of misappropriating. Koenig's motion to compel is denied in all other respects.

DATED this 5th day of January, 2006.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge