IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NANCY KOENIG, | |
| Plaintiff, | Case No. 8:04CV486 |
| v. | |
| CBIZ BENEFITS & INSURANCE SERVICES, INC., a Missouri corporation, | MEMORANDUM AND ORDER |
| Defendant/Third Party Plaintiff, | |
| v. | |
| GARVEY & ASSOCIATES, INC., | |
| Third Party Defendant. | |

This matter is before the court on plaintiff Nancy Koenig's ("Koenig") motion in limine, Filing No. 171. This dispute centers around defendant CBIZ Benefits & Insurance Services, Inc.'s ("CBIZ") termination of Koenig and involves the terms and enforcement of Koenig's employment agreement. Koenig brought suit against CBIZ in the District Court of Douglas County seeking (1) a declaratory judgment that the noncompetitive provisions of her employment agreement are void and unenforceable and requesting injunctive relief; and (2) asserting a claim for breach of contract, alleging CBIZ did not have proper cause to terminate Koenig's employment with CBIZ.[1] Filing No. 1-1, Ex. A at 6-9.

CBIZ removed the action to this court and filed an answer and counterclaim seeking a declaratory judgment on Koenig's claims (Count I), breach of contract (Count II), intentional interference with a business relationship (Count III), and misappropriation of

---

[1]This court dismissed Koenig's breach of contract claim against CBIZ on CBIZ's motion for summary judgment, Filing No. 114. Filing No. 169.

trade secrets and confidential proprietary information (Count IV).[2]  Filing No. 5; Filing No. 6; Filing No. 119.  CBIZ also filed a third-party claim against Koenig's current employer, Garvey & Associates, Inc. ("G&A"), alleging misappropriation of trade secrets and confidential and propriety information (Count I), tortious interference with existing and prospective contractual and business relationships (Count II), unfair competition (Count III), unjust enrichment (Count IV), and intentional interference with contract (Count V), and sought an accounting (Count VI).[3]  Filing No. 35.  G&A responded with an answer and counterclaim alleging claims for tortious interference with prospective business relationships. Filing No. 42.

In her motion in limine, Koenig moves to exclude the expert testimony of Dr. Michael J. O'Hara ("O'Hara"), contending that O'Hara proffered an incomplete preliminary report that did not comply with Federal Rule of Civil Procedure 26(a)(2).  O'Hara is expected to testify on CBIZ's damages for CBIZ's misappropriation of trade secrets claim.  Koenig also seeks exclusion of any evidence of CBIZ's alleged losses from CBIZ's counterclaims against Koenig and G&A, as CBIZ has purportedly failed to disclose any lost profits.  Filing No. 172.  The court now finds that the motion should be denied subject to reassertion at trial.

---

[2]CBIZ's claims against Koenig for breach of contract and intentional interference with business relationships were dismissed in the order granting Koenig's motion for partial summary judgment, Filing No. 83.  Filing No. 169.  Further, the court found Koenig's covenant not to compete was unenforceable and granted injunctive relief.  *Id.*

[3]Upon partial grant of G&A's motion for partial summary judgment (Filing No. 88), this court dismissed CBIZ's claims against G&A for tortious interference with business relationships and contract.  Filing No. 169.

I.     O'Hara Expert Testimony

In Koenig's first set of interrogatories and requests for production of documents, Koenig asked CBIZ to identify all damages CBIZ claimed to suffer as a result of Koenig's alleged conduct and any other loss suffered, including a detailed description of the amount calculated and documents supporting the calculation.  Filing No. 173, Attachment 2, Interrogatory No. 10.  CBIZ responded as follows:

> When a producer completes a sale, a new business report is submitted.  The new business report indicates what lines of coverage were sold, the annual premium and the commission scale associated with each product.  This information is then reported to CBIZ Commission Accounting.  The revenue reported associated with plaintiff's departure was taken from a standard commission accounting report generated in Oracle titled "Annualized Client Listing by Revenue Report."  This report is reflective of total annual revenue associated with a given client for all lines of coverage.  There are fluctuations in these numbers based on lives covered, and commission scales, but Commission Accounting does not adjust these numbers unless there is a large variance between what the producer reported versus actual premium received.  Documents used in calculating the damages for CBIZ sustained are being produced in CBIZ's Response to Plaintiff's Request for Production, and are currently estimated at $241,406.00.

Filing No. 173, Attachment 2, Answer to Interrogatory No. 10.

Koenig further requested all documents supporting CBIZ's damages claim and CBIZ responded that Bates numberd documents A00021-22 would be produced.  Filing No. 173, Attachment 2, Request for Production and Response No. 5.

Following a planning conference with counsel for both parties, Magistrate Judge Thalken issued a final progression order, dated July 26, 2005, that provided the following:

> 2. **Disclosure of Expert Witnesses.**  The defendant, CBIZ Benefits & Insurance Services, Inc., shall serve the parties with its statement of the expert witnesses it expects to call to testify pursuant to Rule 702, 703 or 705, Fed. Rules of Evidence, pursuant to Fed. R. Civ. P. 26(a)(2) as soon thereafter as practicable, but **not later than October 31, 2005.** If necessary to refute the disclosed opinions of an expert witness of an opponent, a party

> may disclose additional expert witnesses not later than **December 16, 2005**, provided that the disclosing party then provides all of the information described in Fed. R. Civ. P. Rule 26(a)(2) and makes the expert witness available for deposition prior to the date set for completion of deposition. Supplementation of these disclosures, if originally made prior to these deadlines, shall be made on these deadlines as to any information for which supplementation is addressed in Fed. R. Civ. P. 26(e). The testimony of the expert at trial shall be limited to the information disclosed in accordance with this paragraph.

Filing No. 82.

Magistrate Judge Thalken subsequently granted extensions of the deadline for disclosure of expert witnesses to December 14, 2005, and January 30, 2006, for rebuttal witnesses. Filing No. 126. CBIZ disclosed O'Hara's report ("Report I") to all parties on December 14, 2005. Filing No. 142; Filing No. 173, Attachment 1. In Report I, O'Hara stated that the estimate of CBIZ's lost premiums, $10.8 million, did not serve as a measure of CBIZ's damages, but as CBIZ's annual lost premium amount for purposes of further calculation. Filing No. 173, Attachment 1. O'Hara noted that further calculations could not be done at that time because "CBIZ ha[d] not yet provided [O'Hara] with the information needed." Filing No. 173, Attachment 1. CBIZ submitted O'Hara's basis for Report I ("basis of opinion") on December 28, 2005. Filing No. 173, Attachment 1, p. 24-25.

Koenig disclosed her expert witness, Alan D. Ryerson ("Ryerson"), on March 1, 2006. Filing No. 166. In her disclosure, Koenig included Ryerson's report ("Ryerson's Report") wherein he states his firm, Business Capital Corporation ("BCC"), evaluated Report I. *Id.* In Ryerson's Report, Ryerson claimed that from BCC's review of Report I and various documents allegedly supplied to O'Hara, "[BCC was] unable to ascertain the amount of loss CBIZ is claiming." *Id.* Ryerson maintained that the only loss amount in

Report I, $2,166,813,[4] was "significantly overstated and not supported by the information presented for review." *Id.* Ryerson further stated that "[d]ue to the incompleteness of [Report I] and the factors to be considered in [O'Hara's] specific assessment of alleged loss in this case[,] there are no further specific conclusions [BCC] can derive from the information presented for review." *Id.*

On May 30, 2006, in opposition to Koenig's motion in limine, CBIZ filed a supplemental report from O'Hara ("Report II") dated May 26, 2006, along with its brief. Filing No. 192; Filing No. 190 (CBIZ's notice of serving supplemental Rule 26 disclosure). In Report II, O'Hara estimated CBIZ's damages to be $467,083 and maintained that Report II served to clarify Report I and improve the accuracy of his original estimate. *Id.* O'Hara attached Table 5 ("Table 5"), a table not provided in Report I, that contained O'Hara's calculations based on data allegedly supplied by CBIZ. *Id.* In Report II, O'Hara stated that he focused on total revenue rather than on premiums in Table 5, as well as overhead with commissions included and overhead with commissions excluded. *Id.*

Koenig argues that Report I failed to comply with Rule 26(a)(2)(B) because O'Hara did not conduct a complete review and full evaluation of CBIZ's alleged damages. Filing No. 172. She further argues that the numbers in Report I had no relationship to CBIZ's alleged damages and, as such, the large amounts would mislead and confuse the jury. *Id.* Additionally, Koenig maintains that CBIZ attached and filed Report II after the disclosure deadline. Filing No. 196; *see* Filing No. 126. Koenig argues that CBIZ failed

---

[4]O'Hara indicated that on a premium loss of $10.8 million, 20% may be allocated for insurance coverage itself. O'Hara states: "For example, if CBIZ's share of the premium dollar for their administrative taska [sic] and commissions to associates is 20%, then CBIZ's loss in the initial 12 moths [sic] would be $2,166,813." Filing No. 173, Attachment 1.

to amend its discovery answers to include the underlying financial data O'Hara relied on in his calculations and it is impossible for her to rebut an incomplete damages calculation. She claims that she will suffer prejudice and incur expense if the court admits O'Hara's testimony because Koenig must now prepare for and obtain information related to the new calculations in Table 5.  Filing No. 196.

In response, CBIZ argues that Report II is consistent with its prior disclosure of damages because CBIZ estimated its damages as $241,406.  According to CBIZ, Koenig will not suffer any prejudice by reason of admission of O'Hara's testimony because CBIZ had disclosed O'Hara's expert status in December 2005.  *Id.*  CBIZ also responds that it would comply if Koenig wished to depose O'Hara.  *Id.*

Federal Rule of Civil Procedure 26(a)(2) requires that parties disclose the identity of any expert witness and the expert must prepare a report containing "a complete statement of all opinions to be expressed and the basis and reasons therefor[.]"  Fed. R. Civ. P. 26(a)(2).  The expert report must contain "the data or other information considered by the witness in forming the opinions."  *Id.*  Parties must disclose expert identities and reports at the times and in the sequence directed by the court or at least ninety days before trial or within thirty days after the opposing party has made its disclosures.  Fed. R. Civ. P. 26(a)(2)(C).  Additionally, parties have a duty to supplement or correct the information contained in the expert report and to make such disclosures by the time pretrial disclosures are due under Rule 26(a)(3).  Fed. R. Civ. P. 26(e)(1).

Federal Rule of Civil Procedure 37(c)(1) provides "[a] party that without substantial justification fails to disclose information . . . is not, unless such failure is harmless, permitted to use as evidence at a trial . . . any witness or information not so disclosed."

6

Fed. R. Civ. P. 37(c)(1). Thus, Rule 37(c)(1) requires witness preclusion for untimely disclosure if there is no substantial justification or if the violation is harmful. Harmlessness exists when there is no prejudice to the party entitled to disclosure and opposing admission of the evidence. *Porchia v. Design Equipment Co.*, 113 F.3d 877, 882 (8th Cir. 1997); *Bunting v. Sea Ray*, 99 F.3d 887, 890 (8th Cir. 1996).

"A trial judge has broad discretion in deciding whether a Rule 26(a) violation is substantially justified or harmless." *Michelone v. Desmarais*, 25 Fed. Appx. 155, 158 (4th Cir. 2002); *Mid-America Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996). A district court evaluates several factors to determine whether to exclude the testimony of a witness not made known in a manner complying with a pretrial order. *Morfeld v. Kehm*, 803 F.2d 1452, 1455 (8th Cir. 1986); *Patterson v. F.W. Woolworth Co.*, 786 F.2d 874, 879 (8th Cir. 1986). Those factors include bad faith or willfulness in failing to comply with the court's order; the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified; the ability of that party to cure the prejudice; the reason for failing to name the witness; the importance of the witness's testimony; and the opposing party's need for time to prepare for the testimony. *Id.*

As stated above, Magistrate Judge Thalken's progression order provided that testimony of experts at trial would be limited to the information disclosed in accordance with the requirements listed in the disclosure of witnesses paragraph. Filing No. 82. Magistrate Judge Thalken specifically required that the disclosing party provide "all of the information described in Fed. R. Civ. P. Rule 26(a)(2)" and supplement disclosures that complied with the deadlines in accordance with Rule 26(e). *Id.* Here, this court finds that

7

Report I did not constitute "a complete statement of all opinions to be expressed and the basis and reasons therefor." *See* Fed. R. Civ. P. 26(a)(2). CBIZ retained O'Hara as an expert on damages who focused on damages related to alleged misappropriation of trade secrets following Koenig's termination. Filing No. 173, Attachment 1. However, in Report I, O'Hara's opinion is that CBIZ suffered a $10.8 million premium loss following Koenig's termination; O'Hara then states that "$10.8 million is not the measure of CBIZ's damages, but is used in that calculation" and "segmentation of the $10.8 million can not be done by [O'Hara] at [the time of his report] because CBIZ has not yet provided [O'Hara] with the information needed." *Id*. O'Hara's basis of opinion and $467,083 damage estimate in Report II surfaced after the December 14, 2005, deadline. Therefore, this court finds Report I did not meet the requirements of Rule 26(a)(2) and thereby violated the expert disclosure terms of the progression order.

CBIZ has not offered a substantial justification for its failure to comply with the disclosure of expert witnesses according to the terms of the progression order. Thus, the question before this court is whether CBIZ's failure is harmless and whether Koenig will suffer prejudice upon the admission of O'Hara's testimony. In this case, CBIZ disclosed O'Hara's identity on time, but its failure to produce corresponding documents rendered it incomplete. It is not clear to the court when CBIZ furnished those documents. The evidence before the court indicates CBIZ's expert disclosure, which in this case amounted to a disclosure of O'Hara's estimation of CBIZ's lost premiums, did not comply with the requirements set forth in Magistrate Judge Thalken's progression order. Furthermore, CBIZ should have filed leave with the court to submit Report II according to the requirements of Rule 26(e).

8

The court finds no evidence of bad faith or wilfulness. This court is cognizant of the fact Koenig has not deposed O'Hara or moved for additional time to depose experts or to modify discovery deadlines. However, Koenig has been aware since the court's order on summary judgment in March 2006, that CBIZ's claims for misappropriation of trade secrets and confidential information remained issues for determination at trial. Koenig cannot claim unfair surprise or prejudice because she was on notice since the filing of Report I that O'Hara's findings would be supplemented and she had ample time to depose O'Hara or to move to compel discovery. Accordingly, Koenig's motion in limine to exclude O'Hara's testimony based on failure to timely disclose will be denied.

II.     Lost Profits

Koenig also seeks preclusion of testimony or evidence related to CBIZ's lost profits. According to Koenig, CBIZ failed to present any evidence or calculation of CBIZ's alleged lost profits following Koenig's termination. Filing No. 172. CBIZ contends that Report II shows CBIZ's damages and accounts for both expenses and overhead.

The Nebraska Trade Secrets Act, Neb. Rev. Stat. § 87-504 (2005), permits recovery of damages in a misappropriation action, but damages need not be provided with mathematical certainty; rather, "a claim for lost profits must be supported by some financial data which permit an estimate of the actual loss to be made with reasonable certitude and exactness." *Home Pride Foods, Inc. v. Johnson*, 634 N.W.2d 774, 783 (Neb. 2001). The court finds that CBIZ's expert reports bespeak some underlying financial data, the sufficiency of which remains an issue for the trier of fact. Accordingly, the court finds that Koenig's assertions are more in the nature of objections at trial or the subject of proper

9

cross-examination and, therefore, Koenig's motion in limine is denied without prejudice to reassertion at trial.

IT IS HEREBY ORDERED that Koenig's motion in limine, Filing No. 171, is denied without prejudice to reassertion at trial.

DATED this 22nd day of September, 2006.

BY THE COURT:


s/Joseph F. Bataillon
JOSEPH F. BATAILLON
UNITED STATES DISTRICT JUDGE